UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TUREMAIL MCCULLOUGH,

                         Petitioner,

   -vs-                                                        DECISION
                                                               and ORDER
SUPERINTENDENT OF ELMIRA
CORRECTIONAL FACILITY,

                                                                                   18-CV-6034 CJS

                        Respondent.
_____

INTRODUCTION

Turemail McCullough ("Petitioner" or "McCullough") proceeding *pro se* filed this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge his conviction for bank robbery in New York State Supreme Court, Monroe County. Previously before the Court were the following applications: 1) Petitioner's post-answer motion [#12] for an extension of time to file a reply, for stay-and-abeyance, and for recusal; 2) Petitioner's motion [#14] for leave to proceed *in forma pauperis*; 3) Petitioner's motion [#15] for appointment of counsel; and Petitioner's request [#17] to withdraw the petition. Petitioner previously withdrew the motions for recusal, for stay-and-abeyance, and for withdrawal of the petition. However, he has now re-asserted a request for stay-and-abeyance.[1]

Accordingly, the following applications are now pending before the Court: Petitioner's request for an extension of time to file a reply [#12]; Petitioner's request for leave to proceed *in forma pauperis* [#14]; Petitioner's request for appointment of counsel

---

[1] Docket No. [#20].

1

[#15]; and Petitioner's renewed application for stay-and-abeyance [#20]. For the reasons discussed below, the application for stay-and-abeyance is denied, and Petitioner must notify the Court how he wishes to proceed.

BACKGROUND

On December 6, 2002, an armed robbery occurred at the Genesee Co-Op Federal Credit Union ("the Credit Union") on South Avenue in the City of Rochester, New York. During the robbery, over eight thousand dollars in cash was taken. The robber, a black male, wore a crude disguise consisting of a hat with attached wig, glasses and a fake nose. Shortly after the robbery, an informant told police that Petitioner, a black male of similar height and weight as the robber, had committed the robbery.[2] Thereafter, police conducted photo array and lineup procedures, which resulted in two credit union employees identifying Petitioner as the bank robber.

Following a jury trial, Petitioner was convicted. However, on appeal the conviction was reversed and the matter was remanded for a new trial. Upon re-trial, Petitioner was convicted of Robbery in the First Degree, Assault in the Second Degree, and Grand Larceny in the Third Degree. Petitioner is presently serving a sentence of twenty-two-years-to-life as a persistent felony offender.

Following his conviction at the second trial, Petitioner filed an appeal, a motion pursuant to Criminal Procedure Law § 440.10, and two motions for writ of error *coram nobis*, all of which were either withdrawn, dismissed or denied.

---

[2] Petitioner contends that the individual falsely accused him because Petitioner was romantically involved with the man's girlfriend.

On January 11, 2018, Petitioner commenced this action. The petition (Docket No. [#1]) purported to assert fourteen separate grounds for relief. Shortly thereafter, on February 12, 2018, Petitioner filed an amended petition [#4] purporting to assert two additional claims, bringing the total number of claims to sixteen. Petitioner admitted that seven of those claims (Claim nos. 10, 11, 12, 13, 14, 15 and 16) had not been exhausted in state court.

On June 13, 2018, Respondent filed an answer to the petition. The Answer [#11] contended that all of Petitioner's claims are unexhausted/procedurally barred and/or lacking in merit.

Pursuant to the Court's Scheduling Order [#2], Petitioner had thirty days after receipt of Respondent's Answer to file any reply. Accordingly, since the Answer was served on Petitioner by mail, the deadline for him to file a reply was July 16, 2018.

On July 13, 2018,[3] instead of filing a reply, Petitioner filed an 88-page document [#12] styled as a "Notice of Consolidated Motions for Writ of Habeas Corpus." The application purported to have three aspects: 1) a motion for a 30-day extension of time to file a reply; 2) a motion for "stay and abeyance"; and 3) a motion for recusal.

With regard to the request for an extension of time to file a reply, Petitioner, who is incarcerated, indicated that although he had normal access to the prison law library, prison officials had denied his request for more-than-the-usual-amount-of-access to such library. Petitioner stated, therefore, that he needed an additional 30 days in which to prepare a reply.

---

[3] The Court is basing this date on the prison "mailbox rule." The papers were actually docketed on July 16, 2018.

With regard to the request for stay and abeyance, Petitioner indicated that he filed a mixed habeas petition containing unexhausted claims. In particular, Petitioner indicated that claims 10, 11, 13, 14, 15 and 16 were unexhausted.[4] Petitioner gave two reasons for why he had not exhausted those claims in state court before filing this action: First, he was unsure how much time he had left under 28 U.S.C. § 2244(d) to file this action;[5] and, second, he had not raised the unexhausted claims in his prior state-court post-conviction applications "because at the time [he] did not believe they were viable and meritorious."[6] In addition, as mentioned previously, Petitioner indicated in the Amended Petition [#4] that claim 12 is also unexhausted.[7] Accordingly, the Court construes the motion for stay-and-abeyance to pertain to claims 10, 11, 12, 13, 14, 15 and 16, which are all admittedly unexhausted.

As for the recusal motion, Petitioner asserted that the Court should recuse itself because the undersigned had previously been a member of the Monroe Country District Attorney's Office.

Prior to the Court issuing a decision regarding the Consolidated Motion [#12],[8] on March 1, 2019, Petitioner filed two additional motions: A motion for leave to proceed *in forma pauperis* [#14] and a motion for appointment of counsel [#15]. Petitioner indicated that the motion to proceed *in forma pauperis* [#14] was to show that he was indigent so

---

[4] Docket No. [#12-1] at p. 5.
[5] Docket No. [#12-1] at pp. 4-5. (Petitioner indicated that he had been unsure whether his time to file a federal habeas petition would be tolled if he filed a third state-court collateral attack.).
[6] Docket No. [#12-1] at p. 5.
[7] Docket No. [#4] at pp. 24-25. Petitioner indicated that he had included the claim in his CPL § 440.10 motion, but not in the appeal of the denial of that motion. Petitioner stated that his attorney had not included that issue in the appeal, since he did not think that it had merit.
[8] On January 30, 2019, the Court received a letter [#13] from Petitioner, asking about the status of his Consolidated Motions [#12].

that he could obtain appointment of counsel.[9]   The motion for appointment of counsel [#15] requested not only the appointment of counsel, but also funds for investigative services and discovery, all relating to Petitioner's claim, that he had been mis-identified as the bank robber.

On April 22, 2019, the Court received a letter [#16] from Petitioner, purporting to withdraw the motions for recusal and for stay-and-abeyance, but reiterating the earlier request for an extension of time to file a reply.   The letter further indicated that Plaintiff was not withdrawing his requests for appointment of counsel, or for discovery.

However, on July 19, 2019, Petitioner filed a letter motion [#17] purporting to withdraw his habeas petition and discontinue the action.   The request stated:

> I send this letter to respectfully ask this court to dismiss the petition for writ of habeas corpus filed by this petitioner in February, 2018.   The petitioner understands the consequences involved in the dismissal of the petition.
> Thank you.

Docket No. [#17].[10]

On August 9, 2019, the Court issued a Decision and Order [#19], setting forth the foregoing procedural history, and declining to grant Petitioner's request to withdraw the action without first ensuring that he was aware of the consequences of such a withdrawal.   Accordingly, the Court explained to Petitioner the consequences of withdrawing the Petition, and gave him an opportunity to change his mind.

On September 5, 2019, Petitioner responded [#20] to the Court's Decision and

---

[9]  Docket No. [#14] at p. 4.
[10]  On July 31, 2019, Respondent filed a response indicating that he does not oppose the discontinuation of the action provided that the action is dismissed with prejudice.

Order, and indicated that he had changed his mind, and that he did *not* want to withdraw the petition. Further, Petitioner stated that on July 15, 2019, he had filed a fourth collateral attack in New York State court, and that he was again requesting that the Court grant him stay-and-abeyance in this action, while he pursues that state court application.

Consequently, this Court now has before it the following remaining applications: 1) Petitioner's request for an extension of time to file a reply; Petitioner's request for leave to proceed *in forma pauperis*; Petitioner's request for appointment of counsel; and Petitioner's renewed application for stay-and-abeyance. However, because the Court finds that stay-and-abeyance is *not* warranted here, and because the petition admittedly contains unexhausted claims (claims 10-16), Plaintiff must inform the Court whether he wishes the Court to dismiss the entire petition without prejudice, or whether he prefers to have the Court dismiss the unexhausted claims (claims 10-16).

DISCUSSION

<u>Stay and Abeyance</u>

Section 2254(b)(1)(A) of 28 U.S.C. requires a habeas petitioner to first exhaust his state court remedies with respect to each of the grounds raised in the petition. A district court may not adjudicate a "mixed petition," consisting of both exhausted and unexhausted claims, except that it may deny the entire petition on the merits. *See*, 28 U.S.C. § 2254(b)(2). Where the petitioner files a mixed petition containing both exhausted and unexhausted claims, the Court may, under certain circumstances, dismiss the unexhausted claims without prejudice and stay the petition, in order to allow the petitioner an opportunity to exhaust the unexhausted claims in state court. However, such

> stay and abeyance should be available only in limited circumstances.

6

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005); *see also, Woodard v. Chappius*, No. 14 701 PR, 631 Fed. Appx. 65, 2016 WL 276908 at *1 (2d Cir. Jan. 22, 2016) ("Under *Rhines v. Weber*, 544 U.S. 269 (2005), a district court abuses its discretion in denying a stay to exhaust claims in a mixed petition if the unexhausted claims are not plainly meritless, if the petitioner has good cause for failing to exhaust, and if the petitioner did not engage in abusive or dilatory litigation tactics. *Id.* at 277–78.").

Where the requirements for stay and abeyance are not met, a court is not permitted to adjudicate a mixed petition, except to deny the entire petition on the merits (which this Court is not in a position to do at this time). Rather, the Court may either dismiss the entire petition without prejudice, or allow Petitioner to delete the unexhausted claims and proceed only with the exhausted claims. *See, Rhines*, 544 U.S. at 278, 125 S.Ct. at 1535 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.").

Of course, if a petitioner deletes an unexhausted claim, the effect of such withdrawal may be that he will not be permitted to raise the withdrawn ground in a second or successive habeas petition, *see* 28 U.S.C. § 2244(b). Additionally, although the one-

7

year limitations period for § 2254 petitions is tolled during the pendency of state-court "post-conviction or other collateral review" proceedings, see, 28 U.S.C. § 2244(d)(2), it is not tolled during the pendency of the federal habeas lawsuit itself. *See, Rhines v. Weber*, 544 U.S. at 274-275 ("[T]he filing of a petition for habeas corpus in federal court does not toll the statute of limitations.").

Here the Court finds that McCullough has not shown good cause for failing to exhaust his claims in state court before commencing this action. On this point, "good cause" generally requires the petitioner to show that an external cause outside of his control prevented him from exhausting; the petitioner's ignorance of the law is not sufficient. *See, Reyes v. Lamanna*, No. 18CV8724ATOTW, 2019 WL 5425494, at *2 (S.D.N.Y. Oct. 23, 2019) ("'Good cause' generally requires an external cause for the delay outside Petitioner's control.") (citation and footnote omitted); *see also, Castro v. Lamanna*, No. 18-CV-3315 (RA), 2019 WL 293388, at *2 (S.D.N.Y. Jan. 22, 2019) ("Petitioner's ignorance of the law, however, does not constitute 'good cause' for failure to exhaust.") (collecting cases).

As already mentioned, in support of his motion for stay-and-abeyance, Petitioner gave two reasons for his failure to exhaust his claims before filing this action: First, he was unsure how much time he had left, under 28 U.S.C. § 2244(d), to file this action; and, second, he had not raised the unexhausted claims in his prior state-court post-conviction applications "because at the time [he] did not believe they were viable and meritorious." Neither of these reasons establishes good cause for Petitioner's failure to exhaust. Particularly with regard to Petitioner's alleged confusion concerning the filing deadline, he merely references the fact that there was a brief delay in his receipt of a state-court ruling

8

in 2012. However, Petitioner has not alleged that he made any effort, let alone a reasonable effort, to actually determine what effect, if any, that event had on his filing deadlines.

Although not included in the motion for stay-and-abeyance, the Court notes that in the Petition, Petitioner attributes the failure to exhaust certain claims to the "failure" by his attorneys to raise the issues in his prior state-court applications. For example, when, on the form Petition, Petitioner was asked to explain why he had not exhausted claim 15, he stated, "Appellate Counsel failed to argue the issue in his brief."[11] Additionally, elsewhere in the Petition, Petitioner generally explained the failure to exhaust claims 10-16 by stating: "Appellate Counsel and post conviction counsel *neglected* to address some of these issues, whether individually or cumulatively."[12] The Court liberally construes these statements as attempting to establish "good cause" for the failure to exhaust, based on ineffective assistance of counsel. *See, e.g., Mitchell v. Cournoyer*, No. 3:17-CV-349 (MPS), 2017 WL 1371250, at *2 (D. Conn. Apr. 11, 2017) ("Ineffective assistance of habeas counsel has been held to constitute good cause for failure to exhaust state remedies."), certificate of appealability denied, No. 17-1810, 2017 WL 6032457 (2d Cir. Sept. 27, 2017).

However, Petitioner's conclusory assertion that his attorneys "neglected" to raise the unexhausted claims is not sufficient to show ineffective assistance of counsel, for purposes of establishing "good cause" within the meaning of *Rhines*. In this regard, while the instant habeas petition [#4] alleges certain claims of ineffective assistance of counsel, such claims do not pertain to alleged ineffectiveness by Petitioner's state-court attorneys

---

[11] Docket No. [#4] at p. 30.
[12] Docket No. [#4] at p. 34 (emphasis added).

to exhaust claims 10-16 on direct appeal.[13] Nor has Petitioner attempted to show that his attorneys were actually ineffective for failing to raise the unexhausted claims in his state post-conviction collateral attacks.[14] Moreover, Petitioner indicated in his motion for stay-and-abeyance that he had not exhausted the claims in state court because *he* did not believe that they had merit. *See*, Docket No. [#12-1] at p. 5 ("Many of the unexhausted issues submitted in the instant petition before this Court weren't included in the prior [state-court post-conviction] motions because at the time I did not believe they were viable and meritorious.").

For all of the foregoing reasons, the Court finds that Petitioner has not shown "good cause" for failing to exhaust claims 10-16 in state court before commencing this action. Petitioner's motion for stay-and-abeyance is therefore denied.

Consequently, the Court has before it a mixed petition. As noted earlier, where, as here, the requirements for stay and abeyance are not met, a court is not permitted to adjudicate a mixed petition, except to deny the entire petition on the merits. Other than that, the Court may either dismiss the entire petition without prejudice, or allow Petitioner to delete the unexhausted claims and proceed only with the exhausted claims.[15] *See, Rhines*, 544 U.S. at 278, 125 S.Ct. at 1535 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court

---

[13] *See*, Petition [#4], Claims 1, 2, 3, 4, 5, 6, 7, 8 (ineffective assistance claims).
[14] While Petitioner could not assert an ineffective-assistance claim in his habeas petition pertaining to "ineffectiveness or incompetence of counsel during Federal or State *collateral post-conviction proceedings*," see, 28 U.S.C. § 2254(i), he could have attempted to show such ineffectiveness in order to establish "good cause" for his failure to exhaust his state-court remedies. (emphasis added). *See, Martinez v. Ryan*, 566 U.S. 1, 17, 132 S. Ct. 1309, 1320, 182 L. Ed. 2d 272 (2012) ("[W]hile § 2254(i) precludes Martinez from relying on the ineffectiveness of his postconviction attorney as a "ground for relief," it does not stop Martinez from using it to establish "cause."). However, Petitioner did not do so.
[15] The Court here is only dealing with claims 10-16, which Petitioner has admitted are unexhausted. The Court expresses no opinion at this point as to whether claims 1-9 were properly exhausted.

should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.").

In this case, it appears that dismissing the entire action without prejudice would result in Petitioner being denied habeas review on any of his claims, since the statute of limitations for the § 2254 petition has expired. Therefore, if the Court dismissed the petition without prejudice, and Petitioner attempted to refile the petition, it would be untimely. On the other hand, if Petitioner deletes the admittedly unexhausted claims (Claims 10-16), the effect of such withdrawal may be that he will not be permitted to raise the withdrawn claims in a second or successive habeas petition, *see* 28 U.S.C. § 2244(b).

## ORDER

Accordingly, it is hereby

ORDERED, that Petitioner's application for "stay and abeyance" [#12][#20] is denied; and it is further

ORDERED, that within thirty (30) days of the date of this Decision and Order, Petitioner shall inform the Court in writing whether he would prefer that his entire petition be dismissed without prejudice so that he can pursue remedies in state court, or whether he would prefer to delete his unexhausted claims (Claims 10-16) and proceed only with the remaining claims. If Petitioner elects to have the entire petition dismissed without prejudice, he is advised that the one-year limitations period applicable to habeas petitions will presumably bar him from filing another habeas petition in federal court; and it is further

**ORDERED, that if Petitioner fails to respond in writing and affirmatively withdraw the admittedly-unexhausted claims (Claims 10-16) within thirty (30) days of the date of this Decision and Order, the Court will dismiss the entire petition without prejudice.**

SO ORDERED.

Dated:	Rochester, New York
	November 8, 2019

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge